UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SCOTT K. TURNER,**<br><br>    Plaintiff,<br><br>    v.<br><br>**STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF LAW & PUBLIC SAFETY, NEW JERSEY DEPARTMENT OF THE TREASURY, OFFICE OF ADMINISTRATIVE LAW, ELIZABETH MUOIO, LISA JAMES-BEAVER, GURBIR GREWAL, MELANIE ARMSTRONG, CHRISTOPHER PORRINO, JOHN JAY HOFFMAN, JOSEPH R. FUENTES, and SUPERIOR COURT OF NEW JERSEY,**<br><br>    Defendant. | Civ. No. 20-00533 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      Scott Turner worked for the New Jersey State Police but faced disciplinary charges. Those charges continue to wind through the bureaucratic process. In the meantime, he filed for bankruptcy. Thereafter, he brought this case against the State of New Jersey, its offices, and its officials (collectively "the State") involved in his discipline, alleging violations of his constitutional rights. The State moves to dismiss on the ground, among others, that only the bankruptcy trustee—not Mr. Turner—has "standing" to pursue the claims. (DE 10.)[1] The Trustee, for his part, moves to substitute himself as plaintiff,

---

[1]    Certain citations to the record are abbreviated as follows:

     DE = docket entry

     Compl. = Complaint (DE 1)

     State Mot. = The State's Brief in Support of its Motion to Dismiss (DE 10-3)

pursuant to Fed. R. Civ. P. 17(a)(3), and dismiss, pursuant to Fed. R. Civ. P. 41(a)(2). (DE 22.)

For the following reasons, the Trustee's motion to substitute (DE 22) is **GRANTED**, and the Trustee's motion to dismiss is construed as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1), so the case is **DISMISSED**. The State's motion (DE 10) is **DENIED** as moot.

**I.   BACKGROUND**

Mr. Turner worked as a State Police officer, and disciplinary charges were filed against him in August 2010. *In the Matter of SFC Scott Turner #4931*, No. A-2479-14T4, 2016 WL 6311240, *1 (N.J. Super. Ct. App. Div. Oct. 28, 2016) (per curiam).[2] Mr. Turner alleges that this disciplinary process was "retribution" for his "whistleblowing activities" beginning in 2007. (Compl. at 2.) That case continues before the Office Administrative Law ("OAL") to the present day. (*See id.* ¶¶ 39, 75; DE 10-4 at Ex. B; State Mot. at 7.)

This is not Mr. Turner's first retaliation-type case. In a previous case before me that began in 2008, he alleged that the State Police retaliated against him for whistleblowing activities by failing to promote him and threatening him. *Turner v. N.J. State Police*, Civ. No. 08-5163, 2017 WL 1190917, at *4–7 (D.N.J. Mar. 19, 2017). The disciplinary process, however, was not the subject

---

Tr. Mot. = Trustee's Brief in Support of his Motion to Substitute Party and Dismiss (DE 22-2)

*In re Turner*, DE _ = filings in *In re Turner*, No. 19-17587 (Bankr. D.N.J.)

[2]   As explained further *infra*, I do not take up the State's motion to dismiss, so I could consider matters outside the complaint in deciding the Trustee's motion to substitute. *See* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1554 (3d ed. Oct. 2020 update) (noting that there is no prescribed procedure for determining who is the real party in interest and courts have used fact-gathering devices). Regardless, considering the procedural history outlined above is proper on a motion to dismiss. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 427 n.7 (3d Cir. 1999) (filings in another case can be used to determine procedural history); *Parker v. Estate of Katherine Parker Blair*, Civ. No. 19-21093, 2020 WL 6707963, at *3–4 (D.N.J. Nov. 16, 2020) (explaining that it is proper to consider past records "to identify what they decided").

2

of that suit. *Id.* at *7. I granted summary judgment to the State defendants in 2017. *Id.* at *1. At the time, the Appellate Division of the New Jersey Superior Court had remanded his disciplinary matter to OAL for findings as to the State Police's compliance with procedural timing requirements and, if necessary, consideration of the merits. *Id.* at *7.

In April 2019, Mr. Turner and his wife petitioned for bankruptcy in the United States Bankruptcy Court for the District of New Jersey. (*In re Turner*, DE 1.) In describing his property, Mr. Turner listed "[c]laims against third parties," namely an "[e]mployment [d]ispute to restore paid employment with State of NJ." (*Id.* at 15.) David Wolff was appointed as Trustee of the bankruptcy estate. (*In re Turner*, DE 14.) Once a trustee is appointed, the trustee gains the authority to prosecute or settle the debtor's pre-petition litigation. (Section II, *infra.*) The Trustee retained special counsel to handle the employment action. (*In re Turner*, DE 39, 40.) The special counsel and Trustee began settlement negotiations with the State Police in the fall of 2019. (*In re Turner*, DE 56-1 ¶ 19.) Around the same time, the bankruptcy court granted the Turners a discharge; the discharge, however, did not close the case. (*In re Turner*, DE 50.)

A few months later, Mr. Turner again sued in federal district court, filing the Complaint in the above-captioned action. (Compl.) He challenges as unconstitutional the process he has received in connection with the adjudication of his disciplinary charges. (Compl. at 1–2.) The State has moved to dismiss. (State Mot.)[3]

While the State's motion was pending, the Trustee reached a settlement with the State Police. (*In re Turner*, DE 56-1.) The settlement provided that Mr. Turner would waive all claims against the State in exchange for dismissal of disciplinary charges, backpay, and retirement. (*In re Turner*, DE 67, Ex. A.) The

---

[3] When the motion to dismiss was filed, not all defendants had been served, so the motion was only filed on behalf of some defendants. (State Mot. at 2.) The remaining defendants later requested permission to join in the motion, which I granted. (DE 21.)

3

settlement specifically provided that the Trustee shall move in this case to substitute in place of Mr. Turner as plaintiff, and to dismiss the Complaint with prejudice. (*Id.* ¶ D.) The Trustee and the Superintendent of the State Police signed the settlement. The settlement provides that it shall become effective when approved by the bankruptcy court, OAL, and the Office of the Attorney General ("OAG"). (*Id.* ¶ K.)

The bankruptcy court approved the settlement in January 2021 (*In re Turner*, DE 67 at 1), as did OAL in February 2021 (DE 22-1, Ex. C). Apparently, OAG has not yet approved the settlement. But the OAL opinion approving the settlement explains that OAL has submitted its opinion to OAG, and the approval becomes final if the Superintendent of State Police takes no action in 45 days, which would be March 26, 2021. (DE 22-1, Ex. C at 4.)

A few days after OAL approved the settlement, the Trustee moved pursuant to Fed. R. Civ. P. 41(a)(2) to substitute as plaintiff and dismiss the Complaint with prejudice. (DE 22.) Mr. Turner opposed and filed a proposed amended complaint, naming the Trustee and special counsel as additional defendants. (DE 24, 23.)[4]

## II.   DISCUSSION

The State moves to dismiss, arguing that Mr. Turner lacks standing because only the bankruptcy trustee may pursue Mr. Turner's claims. (State Mot. at 10–11.) Similarly, the Trustee moves to substitute as plaintiff and to voluntarily dismiss, arguing that he is the real party in interest. (Tr. Mot. at 3–6.) Both motions involve the same bottom-line question: Does Mr. Turner or the Trustee control this action?

"When a debtor declares bankruptcy, most of its property gets transferred to its estate," including "causes of action." *In re Wilton Armetale, Inc.*, 968 F.3d 273, 280 (3d Cir. 2020) (citations omitted). "A court-appointed

---

[4]   Mr. Turner did not move to amend, so the amended complaint is not operative. *See* Fed. R. Civ. P. 15(a)(1)–(2) (a party may only amend its pleading with leave of court when 21 days have passed since serving the pleading or a Rule 12(b) motion is served).

bankruptcy trustee manages the estate's property, including those causes of action . . . . So once a cause of action becomes the estate's property, the Bankruptcy Code gives the trustee, and only the trustee, the statutory authority to pursue it." *Id.* This transfer of authority does not mean that the debtor lacks constitutional standing, only that he lacks a "claim on the merits" because any claim belongs to the trustee. *Id.* at 281.

It becomes clear, then, that Mr. Turner, irrespective of his standing in the Article III sense, does not possess any claim that *he* can pursue. The bankruptcy estate encompasses all "legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). His claims seek damages and reinstatement, so his claims represent "legal or equitable interests in *property*." *See id.* (emphasis added); *Flerlage v. Village of Oswego*, No. 13-cv-6024, 2017 WL 5903819, at *4 (N.D. Ill. Nov. 30, 2017) (42 U.S.C. § 1983 claims); *Paul v. Coca-Cola Enters., Inc.*, Civ. No. 06-796, 2007 WL 1451663, at *2 (W.D. Pa. May 15, 2007) (employment claims for back pay, front pay, and reinstatement).

Further, his claims challenge the disciplinary process since 2010, so they accrued prior to the bankruptcy filing in April 2019. "In bankruptcy, a 'claim' arises when an individual is exposed to conduct giving rise to an injury." *Wilton Armetale*, 968 F.3d at 282 (quotation marks, alterations, and citation omitted). True, there are a few allegations of actions that continued in May 2019. (Compl. ¶¶ 39, 75, 76.) But none of those facts are the sole basis for any of his claims or injuries, and the vast bulk of them occurred before April 2019. For example, he alleges that certain defendants delayed resolution of his proceedings in many ways. Just one of those ways related to decisions regarding appeals in May 2019. (*Id.* ¶ 39.) Thus, the few post-April 2019 allegations are simply examples of *continued* unlawful conduct or exposure to an injury which, if actionable, was well-established as an injury long before. *See Segal v. Rochelle*, 382 U.S. 375, 380 (1966) (property is part of estate if "it is sufficiently rooted in the pre-bankruptcy past"). Accordingly, Mr. Turner's

claims are property of the bankruptcy estate and are only the Trustee's to prosecute.

Mr. Turner thus runs headfirst into Rule 17(a)(1), providing that "[a]n action must be prosecuted in the name of the real party in interest." A court may substitute the real party in interest and allow the action to proceed "as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Courts have often recognized that Rule 17 allows for substitution of a bankruptcy trustee for the debtor as plaintiff. *E.g.*, *Miller v. A-C Prod. Liab. Tr.*, No. 2:11-cv-33109, 2015 WL 6153934, at *6–7 (E.D. Pa. Oct. 20, 2015); *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012); *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 689 (W.D. Pa. 2011); *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610–11 (7th Cir. 2010). Accordingly, to the extent the Trustee seeks substitution, that motion is granted, and the Trustee is substituted as plaintiff for Mr. Turner.

In his first act as plaintiff, the Trustee asks to dismiss the case. (Tr. Mot. at 5.) Rule 41(a) establishes two methods for voluntary dismissal. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss his case before the filing of an answer or motion for summary judgment, or after such events, if all parties sign a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

The Trustee notes that either avenue is available here but thinks that a dismissal with leave of court under Rule 41(a)(2) is "most prudent." (Tr. Mot. at 5.) The issue of whether (a)(1) or (a)(2) applies is largely one of timing, not prudence. Rule 41(a)(1) applies until a defendant files an answer or motion for summary judgment, and its dismissal is "automatic and immediate—the right of a plaintiff is unfettered" with no possible "interference" by the court. *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) (quotation marks and citation omitted). Indeed, a court may recharacterize an (a)(2) motion as an (a)(1) motion based on when it was filed. The Third Circuit

6

once noted that, although a district court dismissed a case pursuant to Rule 41(a)(2), "the plaintiff effectively dismissed her . . . claim voluntarily pursuant to Fed. R. Civ. P. 41(a)(1)(i)" because the dismissal motion was filed prior to an answer or summary judgment motion. *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1069 (3d Cir. 1987); *see also id.* at 1065.

So too here; no answer or motion for summary judgment has been filed, and the State's motion to dismiss "does not cut off" Rule 41(a)(1) because it is not an answer or motion for summary judgment. *Bath & Kitchen*, 535 F.3d at 166. As a result, the Trustee has effectively notified the Court of its voluntary dismissal under Rule 41(a)(1). *Manze*, 817 F.2d at 1069; *see also Lombarski v. Cape May County*, Civ. No. 10-6588, 2011 WL 1322910, at *3 (D.N.J. Apr. 5, 2011) (treating motion under Rule 41(a)(2) as notice under Rule 41(a)(1)); *Canady v. Meridian Med. Techs., Inc.*, No. 4:19-CV-03336, 2020 WL 2322811, at *1 (E.D. Mo. May 11, 2020) (construing a pro se plaintiff's "motion to dismiss" as a Rule 41(a)(1) dismissal because no answer or motion for summary judgment had been filed). *But see Wellfount, Corp. v. Hennis Care Ctr. of Bolivia, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020) (a plaintiff can seek a Rule 41(a)(2) dismissal even when a Rule 41(a)(1) dismissal is available).[5]

This dismissal has a few consequences: First, Mr. Turner's arguments against dismissal (DE 24) are non-starters, because the dismissal is "automatic." *Bath & Kitchen*, 535 F.3d at 165.[6] Second, the dismissal deprives

---

[5]   Ultimately, the different procedural avenues would all lead to the same destination—dismissal. If I viewed the Trustee's request under Rule 41(a)(2), then "[n]umerous courts, including courts within the Third Circuit, have held that a court lacks the discretion to deny a motion under Fed. R. Civ. P. 41(a)(2) when the plaintiff requests that the dismissal be made with prejudice." *Worrell v. Harshe*, Civ. No. 16-2398, 2017 WL 4419240, at *2 (D.N.J. Oct. 5, 2017) (collecting cases).

[6]   Regardless, Mr. Turner mostly argues that the Trustee relies on the settlement as the basis for dismissal but, in Mr. Turner's view, that settlement is unenforceable. (DE 24 at 3–6.) Even if I could consider a collateral attack on the settlement, the reasons for the Trustee's dismissal are irrelevant because the dismissal is "automatic." *Bath & Kitchen*, 535 F.3d at 165. In other words, it does not matter whether the

7

me of jurisdiction to decide the State's motion to dismiss or to consider Mr. Turner's later-filed amended complaint (even if I construed it as a motion to amend, which I do not). *Id.* at 166 (dismissal prevents decision on motion to dismiss or further proceedings); *see also Riffin v. Forest City Ratner Co.*, Civ. No. 16-4433, 2020 WL 8182839, at *2 (D.N.J. Jan. 6, 2020) (voluntary dismissal moots all motions).[7]

One final matter: A Rule 41(a)(1) dismissal is without prejudice "[u]nless the notice . . . states otherwise." Fed. R. Civ. P. 41(a)(1)(B). A plaintiff may, however, stipulate that it is dismissing its claims with prejudice. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020); *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 408 n.31 (3d Cir. 2016); *First Bank of Tom's River, N.J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969). The Trustee here did "state[] otherwise," providing that the action would be dismissed with prejudice. (DE 22-3.)

Although an order is not technically required, the practice in this District is to so-order Rule 41(a)(1) dismissals. I will enter a dismissal order for clarity, particularly in light of the Trustee's designation of the motion as one under Rule 41(a)(2).

### III.  CONCLUSION

For the reasons set forth above, the Trustee's motion to substitute is granted. The case is dismissed with prejudice pursuant to the Trustee's notice. The State's motion to dismiss is denied as moot. A separate order will issue.
Dated: March 11, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

settlement is enforceable because the Trustee does not need to rely on the settlement as a valid reason to dismiss.

[7]   Mr. Turner, although he sues in his own name, is an admitted attorney of the State of New York, and is not entitled to any special indulgence with respect to court procedures.

8